UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
DUNKIN' DONUTS FRANCHISED           )
RESTAURANTS LLC, et al.,            )
                                    )
    Plaintiffs,                    )
                                    )
v.                                  )    Civil Action No. 13-13023-LTS
                                    )
ANTON NADER, et al.,                )
                                    )
    Defendants.                    )
_____)

ORDER ON DEFENDANTS' MOTION TO COMPEL (DOC. NO. 91)

April 16, 2015

SOROKIN, J.

The defendants seek an order compelling the plaintiffs to remedy various alleged deficiencies in their discovery responses. The plaintiffs have responded to the motion, and the Court heard oral argument on April 14, 2015. Many issues raised in the motion have been rendered moot based on the plaintiffs' continuing document production in the time since the motion was filed. After careful consideration of the parties' submissions and the representations made during the motion hearing, it is hereby ORDERED that the motion to compel is ALLOWED in part and DENIED in part as follows:

1. Insofar as the motion relates to the production of documents referenced by the plaintiffs in their responses to the defendants' interrogatories, it is DENIED as moot.[1] The parties have agreed that the plaintiffs will complete production of all

---

[1] This issue resolves the motion with respect to interrogatories 2, 3, 7(a), and 7(c) to DDFR, and interrogatories 2, 3, 6, and 7 to DBI.

such documents by April 30, 2015.

2. Insofar as the motion seeks an order requiring the plaintiffs to provide Bates numbers for all documents referenced in their interrogatory responses, it is DENIED. The plaintiffs' written responses provide sufficient specificity to satisfy Local Rule 33.1(b)(1).

3. Insofar as requests for production 2(a), 2(b), 2(*l*), 2(m), 3(c), and 9 are concerned, the motion is DENIED as moot based on the plaintiffs' representations that such documents have been produced or will be produced by April 30, 2015.

4. Insofar as request for production 1 is concerned, the motion is ALLOWED to the extent it seeks the following specific categories of documents: a) for the years 2007 through the present, annual reports, assessments, or other documents reflecting the general standing or ranking of each of the defendant franchises and/or of defendant Nader's network of franchises among all Dunkin' franchises nationwide and/or in the relevant region, if such documents exist; and b) documents or information describing or explaining the manner in which the list described by the parties as the "persona non grata" list (which has been produced and includes Mr. Tallo's name) was compiled, i.e., how individuals came to be included on the list. Otherwise, the motion is DENIED as moot as to request for production 1, based on the plaintiffs' representations that documents responsive thereto (as the request has been narrowed by the defendants) have been produced or will be produced by April 30, 2015.

5. Insofar as interrogatory 10 to DDFR and request for production 11 are concerned,

the motion is ALLOWED. Both requests are reasonable in scope and seek information and documents relevant to the defendants' counterclaims.

6. Insofar as interrogatory 11 to DDFR is concerned, the motion is DENIED.

7. Insofar as interrogatory 12 to DDFR and request for production 8 are concerned, the motion is ALLOWED to the extent the requests seek information regarding whether and how the specific loss prevention employees involved in the investigation(s) of the defendants were compensated or formally reviewed in any manner based on their role(s) in the decision to terminate the defendants. Otherwise, the motion is DENIED as to interrogatory 12 and request for production 8.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge