UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
DUNKIN' DONUTS FRANCHISED           )
RESTAURANTS LLC, et al.,            )
                                    )
    Plaintiffs,                      )
                                    )
v.                                  )   Civil Action No. 13-13023-LTS
                                    )
ANTON NADER, et al.,                )
                                    )
    Defendants.                      )
_____ )

ORDER ON DEFENDANTS' MOTION TO AMEND
ANSWER AND AMENDED COUNTERCLAIMS (DOC. NO. 130)

October 20, 2015

SOROKIN, J.

    The defendants seek leave to amend their answer and amended counterclaims to add a new affirmative defense and three new counterclaims against Dunkin', all of which arise from allegations surrounding an offer by defendant Anton Nader's wife to purchase a majority of the franchises at issue in this action. Doc. Nos. 130, 131. Dunkin' opposes the motion. Doc. No. 145.

    Federal Rule of Civil Procedure 15(a)(2) requires Dunkin's consent or leave of court before an amendment may occur at this stage of the litigation. Although leave of court is freely given under the Rule "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is within the Court's discretion to deny leave for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, . . . [or] undue prejudice to the opposing party by virtue of allowance of the amendment," Foman v. Davis, 371 U.S. 178, 182 (1962). Accord Klunder v. Brown Univ., 778

F.3d 24, 34 (1st Cir. 2015); <u>ACA Fin. Guaranty Corp. v. Advest, Inc.</u>, 512 F.3d 46, 55-56 (1st Cir. 2008).

The dispute among the parties arose in late 2013, when Dunkin' first notified the defendants of the termination of certain franchises (and the reason therefor) and filed this lawsuit. Doc. No. 1.  The defendants filed the pleadings they now seek to amend a year ago.  Doc. Nos. 60, 67.  At 5:54 p.m. on the deadline set by the Court for amendments to the pleadings, for the first time, the defendants contacted Dunkin's counsel with an amended pleading in excess of 100 pages and information regarding an offer by defendant Nader's wife to purchase the franchises in dispute.  <u>See</u> Doc. No. 134.  Later that evening, the defendants filed their motion for leave to amend.  Doc. No. 130.

After careful consideration, the Court finds substantial and undue delay on the part of the defendants warrants denial of the defendants' motion.  This is so based on the significant passage of time between the inception of this dispute and the requested amendment (nearly two years), as well as the eleventh-hour nature of the defendants' presentation of its lengthy proposed amendment and the underlying purchase offer to opposing counsel (thus eliminating any opportunity for meaningful review and conferral).  The fact that the amendment is sought based on an offer by defendant Nader's wife – not by an uninvolved third party without knowledge of the pending litigation and/or the deadlines applicable thereto – suggests that the defendants could have, and should have, endeavored to present the relevant information to Dunkin' far enough in advance of the relevant deadline to permit real consideration of the proposal before related motions were filed.  The defendants have offered no valid explanation or excuse for this delay.  This alone is a sufficient basis for denying the defendants' motion.  <u>See</u> <u>Perez v. Hosp. Damas,</u>

Inc., 769 F.3d 800, 802 (1st Cir. 2014) (requiring "some valid reason" for delay in seeking amendment where "considerable time" has elapsed between original pleading and request to amend).

The Court also notes that the new counterclaims arise from a set of facts wholly separate in time and in substance from those alleged in the existing pleadings, and would no doubt require at least some material degree of additional discovery. With the deadline for written discovery already having passed, the deadline for fact witness depositions approaching in ten days, and the final fact discovery deadline looming soon thereafter, Doc. No. 128 – deadlines which have been extended several times already, Doc. Nos. 62, 64, 77, 105, 126 – allowing the amendment defendants seek would further delay resolution of this action (and, thus, may unduly prejudice Dunkin').

Accordingly, the defendants' motion to amend (Doc. No. 130) is DENIED.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge