UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 13-13023-LTS |
| ANTON NADER, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION (DOC. NO. 156)
AND JOINT MOTION TO EXTEND DISCOVERY DEADLINES (DOC. NO. 165)

November 20, 2015

SOROKIN, J.

The defendants seeks reconsideration of the Court's decision denying their motion to amend.  Doc. No. 156.  After a lengthy hearing on the motion and a careful review of the defendants' submission, the motion is DENIED primarily for the reasons stated in the Court's initial decision.  See Doc. No. 152.  Several additional reasons warrant brief discussion here and further justify denial of the motion.

First, in response to the new counterclaims the defendants seek to add, Dunkin' reasonably would seek discovery regarding all of the contracts and documents related to the over sixty-million-dollar proposed purchase of franchises by Mrs. Nader, the underlying merits of the proposed sale, and Mrs. Nader's financial condition.  This discovery would necessitate second depositions of some witnesses already deposed, as well as at least one deposition of an otherwise not relevant person.  Paper discovery closed on July 29, 2015, well before the defendants filed the original motion to amend on September 1, 2015.  Fact discovery closed on November 12,

2015, days after the defendants filed their motion for reconsideration. Notably, even at this date, the defendants admit that they have not yet disclosed all of the deal-related documents, including, for example, the agreement between Mr. Nader and Mr. Tallo.

Second, the defendants' contention that the proposed sale moots Dunkin's claims in this case is simply wrong as a matter of law.[1] Dunkin contends that it lawfully terminated the defendant franchises prior to instituting this lawsuit and, thus, that the defendants have nothing to sell as a matter of law. No conclusive resolution of the defendants' claim that Dunkin' has unreasonably withheld consent to the proposed sale to Mrs. Nader can occur without first resolving Dunkin's claim that Mr. Nader has nothing to sell in light of Dunkin's termination of his franchises.

Finally, the evolving nature of the facts relating to the proposed claims further militates against permitting amendment. Thus, the Motion for Reconsideration (Doc. No. 156) is DENIED.

The parties' Joint Motion to Extend Discovery (Doc. No. 165) is DENIED except as follows: the defendants may take Dunkin's Rule 30(b)(6) depositions on the dates agreed to by the parties, even though those dates are after the close of the discovery period. Additionally, the defendants' oral request to extend until November 25, 2015 the scheduling order deadline for filing motions to compel was allowed in open court.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[1] Certainly, an agreement by Mr. Nader and Mr. Tallo to sell their interests in the franchises at issue in the litigation might, with the assent of Dunkin', resolve the litigation in the context of a settlement. That, however, is a different issue.